1  NICHOLAS & BUTLER, LLP
       Craig M. Nicholas (SBN 178444)
2      Alex Tomasevic (SBN 245598)
   225 Broadway, 19th Floor
3  San Diego, California 92101
   Telephone:   (619) 325-0492
4  Facsimile:   (619) 325-0496
   Email:  cnicholas@nblaw.org
5          atomasevic@nblaw.org

6  Attorneys for Defendants
   The Upper Deck Company (CA & NV)
7  and Richard McWilliam

8

9              **UNITED STATES DISTRICT COURT**

10             **SOUTHERN DISTRICT OF CALIFORNIA**

11

12 UPPER DECK INTERNATIONAL B.V., a        CASE NO.: 11CV1741 LAB (CAB)
   Netherlands corporation,
13                                         **ANSWER TO COMPLAINT BY THE**
                        Plaintiff,         **UPPER DECK COMPANY, A NEVADA**
14                                         **CORPORATION**
          v.
15                                         Hon. Larry Alan Burns
   THE UPPER DECK COMPANY, a               Courtroom 9
16 California corporation; THE UPPER DECK
   COMPANY, a Nevada Corporation;          Complaint Filed: August 4, 2011
17 RICHARD McWILLIAM, an Individual;
   and Does 1-10
18
                        Defendants.
19

20

21

22         THE UPPER DECK COMPANY, a Nevada corporation, ("Upper Deck Nevada")

23 responds to Plaintiff UPPER DECK INTERNATION B.V.'s ("UDI") complaint filed August 4,

24 2011 ("Complaint") as follows:

25                              **I. ANSWER**

26                              THE PARTIES

27         1.      Upper Deck Nevada lacks sufficient information at this time to admit or deny the

28 allegations in paragraph 1 of the Complaint.

N&B
ATTORNEYS AT LAW
SAN DIEGO

2.     Upper Deck Nevada lacks sufficient information at this time to admit or deny the allegations in paragraph 2 but denies that The Upper Deck Company a California Corporation is located at the address listed in paragraph 2 of the Complaint.

3.     Upper Deck Nevada denies that they are located at the address listed in paragraph 3 of the Complaint. Upper Deck Nevada also denies the remaining allegations in paragraph 3.

4.     Upper Deck Nevada lacks sufficient information at this time to admit or deny the allegations in paragraph 4 of the Complaint.

5.     Upper Deck Nevada lacks sufficient information at this time to admit or deny the allegations in paragraph 5.

6.     Upper Deck Nevada lacks sufficient information at this time to admit or deny the allegations in paragraph 5.

## JURISDICTION AND VENUE

7.     Paragraph 7 of the Complaint contains legal conclusions or assertions as opposed to factual allegations. To the extent a response is required, Upper Deck Nevada denies each and every allegation in Paragraph 7.

8.     Paragraph 8 of the Complaint contains legal conclusions or assertions as opposed to factual allegations. To the extent a response is required, Upper Deck Nevada denies each and every allegation in Paragraph 8.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

9.     Upper Deck Nevada denies each and every allegation in paragraph 9 of the Complaint.

10.     Upper Deck Nevada denies each and every allegation in paragraph 10 of the Complaint.

11.     Upper Deck Nevada denies each and every allegation in paragraph 11 of the Complaint.

12.     Upper Deck Nevada denies each and every allegation in paragraph 12 of the Complaint.

13.     Upper Deck Nevada denies each and every allegation in paragraph 13 of the Complaint.

14.     Upper Deck Nevada denies each and every allegation in paragraph 14 of the Complaint.

15.     Upper Deck Nevada denies each and every allegation in paragraph 15 of the Complaint.

16.     Upper Deck Nevada denies each and every allegation in paragraph 16 of the Complaint.

17.     Upper Deck Nevada denies each and every allegation in paragraph 17 of the Complaint.

18.     Upper Deck Nevada denies each and every allegation in paragraph 18 of the Complaint.

19.     Upper Deck Nevada denies each and every allegation in paragraph 19 of the Complaint.

20.     Upper Deck Nevada denies each and every allegation in paragraph 20 of the Complaint.

21.     Upper Deck Nevada denies each and every allegation in paragraph 21 of the Complaint.

22.     Upper Deck Nevada denies each and every allegation in paragraph 22 of the Complaint.

23.     Upper Deck Nevada denies each and every allegation in paragraph 23 of the Complaint.

24.     Upper Deck Nevada believes that KDE levied and encumbered significant assets of UDI's CEO.  Upper Deck Nevada lacks sufficient information at this time to admit or deny the remaining allegations in paragraph 24 of the Complaint.

25.     Upper Deck Nevada denies each and every allegation in paragraph 25 of the Complaint.

ANSWER TO COMPLAINT BY UPPER DECK NEVADA

N&B
ATTORNEYS AT LAW
SAN DIEGO

10cv1283 JAH (CAB)

26.     Upper Deck Nevada denies each and every allegation in paragraph 26 of the Complaint.

FIRST CLAIM FOR RELIEF

27.     Paragraph 27 of the Complaint contains legal conclusions or assertions as opposed to factual allegations. This paragraph merely incorporates prior allegations and, therefore, Upper Deck Nevada incorporates by reference the applicable responses above.

28.     Denied.  Furthermore, this paragraph contains legal conclusions or assertions as opposed to factual allegations.

29.     Denied.  Furthermore, this paragraph contains legal conclusions or assertions as opposed to factual allegations.

30.     Denied.  Furthermore, this paragraph contains legal conclusions or assertions as opposed to factual allegations.

31.     Denied.  Furthermore, this paragraph contains legal conclusions or assertions as opposed to factual allegations.

SECOND CLAIM FOR RELIEF

32.     Paragraph 32 of the Complaint contains legal conclusions or assertions as opposed to factual allegations. This paragraph merely incorporates prior allegations and, therefore, Upper Deck Nevada incorporates by reference the applicable responses above.

33.     Denied.  Furthermore, this paragraph contains legal conclusions or assertions as opposed to factual allegations.

34.     Denied.  Furthermore, this paragraph contains legal conclusions or assertions as opposed to factual allegations.

35.     Denied.  Furthermore, this paragraph contains legal conclusions or assertions as opposed to factual allegations.

36.     Denied.  Furthermore, this paragraph contains legal conclusions or assertions as opposed to factual allegations.

37.     Denied.  Furthermore, this paragraph contains legal conclusions or assertions as opposed to factual allegations.

38.     Denied.  Furthermore, this paragraph contains legal conclusions or assertions as opposed to factual allegations.

39.     Denied.  Furthermore, this paragraph contains legal conclusions or assertions as opposed to factual allegations.

THIRD CLAIM FOR RELIEF

40.     Paragraph 40 of the Complaint contains legal conclusions or assertions as opposed to factual allegations. This paragraph merely incorporates prior allegations and, therefore, Upper Deck Nevada incorporates by reference the applicable responses above.

41.     Denied.  Furthermore, this paragraph contains legal conclusions or assertions as opposed to factual allegations.

42.     Denied.  Furthermore, this paragraph contains legal conclusions or assertions as opposed to factual allegations.

43.     Denied.  Furthermore, this paragraph contains legal conclusions or assertions as opposed to factual allegations.

44.     Denied.  Furthermore, this paragraph contains legal conclusions or assertions as opposed to factual allegations.

45.     Denied.  Furthermore, this paragraph contains legal conclusions or assertions as opposed to factual allegations.

FOURTH CLAIM FOR RELIEF

46.     Paragraph 46 of the Complaint contains legal conclusions or assertions as opposed to factual allegations. This paragraph merely incorporates prior allegations and, therefore, Upper Deck Nevada incorporates by reference the applicable responses above.

47.     Denied.  Furthermore, this paragraph contains legal conclusions or assertions as opposed to factual allegations.

48.     Denied.  Furthermore, this paragraph contains legal conclusions or assertions as opposed to factual allegations.

49.     Denied.  Furthermore, this paragraph contains legal conclusions or assertions as opposed to factual allegations.

ANSWER TO COMPLAINT BY UPPER DECK NEVADA

N&B
ATTORNEYS AT LAW
SAN DIEGO

10cv1283 JAH (CAB)

50.     Denied.  Furthermore, this paragraph contains legal conclusions or assertions as opposed to factual allegations.

51.     Denied.  Furthermore, this paragraph contains legal conclusions or assertions as opposed to factual allegations.

52.     Denied.  Furthermore, this paragraph contains legal conclusions or assertions as opposed to factual allegations.

                              FIFTH CLAIM FOR RELIEF

53.     Paragraph 53 does not relate to Upper Deck Nevada. The fifth claim for relief in the Complaint is only against Defendant Richard McWilliam.

54.     Paragraph 54 does not relate to Upper Deck Nevada. The fifth claim for relief in the Complaint is only against Defendant Richard McWilliam.

55.     Paragraph 55 does not relate to Upper Deck Nevada. The fifth claim for relief in the Complaint is only against Defendant Richard McWilliam.

56.     Paragraph 56 does not relate to Upper Deck Nevada. The fifth claim for relief in the Complaint is only against Defendant Richard McWilliam.

57.     Paragraph 57 does not relate to Upper Deck Nevada. The fifth claim for relief in the Complaint is only against Defendant Richard McWilliam.

58.     Paragraph 58 does not relate to Upper Deck Nevada. The fifth claim for relief in the Complaint is only against Defendant Richard McWilliam.

                              SIXTH CLAIM FOR RELIEF

59.     Paragraph 59 of the Complaint contains legal conclusions or assertions as opposed to factual allegations. This paragraph merely incorporates prior allegations and, therefore, Upper Deck Nevada incorporates by reference the applicable responses above.

60.     Denied.  Furthermore, this paragraph contains legal conclusions or assertions as opposed to factual allegations.

61.     Denied.  Furthermore, this paragraph contains legal conclusions or assertions as opposed to factual allegations.

62.    Denied.  Furthermore, this paragraph contains legal conclusions or assertions as opposed to factual allegations.

PRAYER FOR RELIEF

63.    Upper Deck Nevada denies each and every allegation in the Prayer for Relief.

**II.**

**AFFIRMATIVE DEFENSES**

64.    The Upper Deck Company, a Nevada Corporation, sets forth the following affirmative defenses. In doing so, it reserves the right to assert additional defenses if their existence is later established through discovery or investigation and/or UDI amends the Complaint to state any new or different claims or allegations. Upper Deck Nevada, by pleading these defenses, is not assuming the burden of proof with respect to any issues where the burden is properly on UDI. Upper Deck Nevada also reserves the right to seek leave to add Complaints against any parties to this action to the extent such claims are later revealed during discovery or investigation. In addition, the assertion of any particular defense shall not be construed as an admission on Upper Deck Nevada's part to any liability or wrongdoing.

FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

65.    The Complaint and each purported claim contained therein fails to state a claim upon which relief can be granted.

SECOND AFFIRMATIVE DEFENSE

(Improper Party)

66.    Upper Deck Nevada is not the proper party to this action and UDI has not joined the necessary parties to this action.

THIRD AFFIRMATIVE DEFENSE

(Statutes of Limitation)

67.    The Complaint and each purported claim in the Complaint is barred by the applicable statute of limitations under United States and/or California law, including but not limited to California Code of Civil Procedure sections 337, 338, 339, 343.

FOURTH AFFIRMATIVE DEFENSE

(Waiver)

68.     UDI has waived each purported claim in the Complaint.

FIFTH AFFIRMATIVE DEFENSE

(Estoppel)

69.     UDI is estopped from asserting each purported claim in the Complaint.

SIXTH AFFIRMATIVE DEFENSE

(Failure to Mitigate Damages)

70.     UDI has failed to mitigate damages.

SEVENTH AFFIRMATIVE DEFENSE

(Laches)

71.     The Complaint and each purported claim contained in the Complaint is barred by the doctrine of laches because UDI inexcusably and unreasonably delayed in filing and serving the Complaint in this action to Upper Deck Nevada's prejudice.

EIGHTH AFFIRMATIVE DEFENSE

(Unclean Hands)

72.     The Complaint and each purported claim contained in the Complaint is barred by the doctrine of unclean hands.

NINTH AFFIRMATIVE DEFENSE

(Voluntary Payment Doctrine)

73.     UDI is barred from recovering monies voluntarily paid based upon the voluntary payment doctrine.

TENTH AFFIRMATIVE DEFENSE

(Adequate Remedy at Law)

74.     UDI is barred from seeking equitable relief because an adequate remedy at law exists.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Exhaustion of Administrative Remedies)

75.     UDI has failed to exhaust all administrative remedies and therefore is precluded from asserting the claims raised in the Complaint.

## TWELFTH AFFIRMATIVE DEFENSE

### (Legal Fault of Others)

76.     Upper Deck Nevada is informed and believes and on that basis alleges that any purported injury suffered by UDI was either in whole or in part the legal fault of persons, firms, corporations or entities other than Upper Deck Nevada and that legal fault reduces the percentage of responsibility, if any, that is to be borne by UDI.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Legal Fault of UDI)

77.     Upper Deck Nevada is informed and believes and on that basis alleges that any purported injury suffered by UDI was either in whole or in part the legal fault of UDI and that legal fault reduces the percentage of responsibility, if any, that is to be borne by Upper Deck Nevada.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Ratification)

78.     UDI is barred from making the claims for relief in the Complaint on the basis that UDI ratified the acts alleged in the Complaint.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Secondary Liability)

79.     To the extent UDI's claims and/or allegations are based on any theory of secondary liability, those claims are barred since no basis for secondary liability exists.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Safe Harbor Doctrine)

80.     UDI may not recover on any of their statutory claims by operation of the Safe Harbor Doctrine.

1

SEVENTEENTH AFFIRMATIVE DEFENSE

2

(Failure to Join Indispensible Parties)

3

81.     UDI failed to join indispensible parties to this action.

4

EIGHTEENTH AFFIRMATIVE DEFENSE

5

(Compliance With All Applicable Laws and Regulations)

6

82.     Upper Deck Nevada's properly complied with all requirements set forth in the

7

applicable statutes, case law, and regulations.

8

NINETEENTH AFFIRMATIVE DEFENSE

9

(Truth)

10

83.     Any statements made and/or actions taken by Upper Deck Nevada were truthful

11

and accurate such that they would not mislead or deceive UDI.

12

TWENTIETH AFFIRMATIVE DEFENSE

13

(No Damages)

14

84.     As a proximate or direct result of any alleged wrongful conduct by Upper Deck

15

Nevada, UDI did not suffer any damages.

16

TWENTY-FIRST AFFIRMATIVE DEFENSE

17

(Consent)

18

85.     Upper Deck Nevada avers on information and belief that this action is barred by

19

the doctrine of consent.

20

TWENTY-SECOND AFFIRMATIVE DEFENSE

21

(Uncertainty)

22

86.     Upper Deck Nevada alleges that each claim in the Complaint is uncertain and

23

ambiguous as to identity, nature, and terms of the contract and/or contractual relationship upon

24

which UDI bases its claim for damages against Upper Deck Nevada.

25

26

27

28

1  TWENTY-THIRD AFFIRMATIVE DEFENSE

2  (Attorney's Fees and Costs Inappropriate)

3      87.    Upper Deck Nevada alleges that each claim in the Complaint fails to state facts

4  sufficient to support an award of damages for attorney's fees, and other litigation fees, costs, and

5  expenses as against Upper Deck Nevada.

6  TWENTY-FOURTH AFFIRMATIVE DEFENSE

7  (Prior Material Breach)

8      88.    Upper Deck Nevada alleges that each claim based on allegations of a contract in

9  the Complaint is barred as UDI committed a prior material breach of contract.

10  TWENTY-FIFTH AFFIRMATIVE DEFENSE

11  (No Punitive or Exemplary Damages)

12      89.    Upper Deck Nevada alleges that each claim in the Complaint fails to state facts

13  sufficient to support an award for punitive damages.

14  TWENTY-SIXTH AFFIRMATIVE DEFENSE

15  (Compensatory Damages)

16      90.    Upper Deck Nevada alleges that each claim in the Complaint fails to state facts

17  sufficient to support an award for compensatory damages.

18  TWENTY-SEVENTH AFFIRMATIVE DEFENSE

19  (Restitution & Disgorgement)

20      91.    Upper Deck Nevada alleges that each claim in the Complaint fails to state facts

21  sufficient to support an award of any restitution or disgorgement

22  TWENTY-EIGHTH AFFIRMATIVE DEFENSE

23  (No Misrepresentations)

24      92.    Upper Deck Nevada alleges that, no oral or written representations were ever made

25  by Upper Deck Nevada to the UDI.  Because no representations of opinion or fact were ever

26  made by Upper Deck Nevada to any representative or agent of UDI herein, UDI's claim for

27  misrepresentation must fail as a matter of law.

28

TWENTY-NINTH AFFIRMATIVE DEFENSE

(Intervening Acts of Others)

93.     Upper Deck Nevada alleges that UDI failed to give proper notice of any alleged breach of contract, if any, and to allow Upper Deck Nevada sufficient time to cure any alleged breach of contract.

THIRTIETH AFFIRMATIVE DEFENSE

(No Liability for Independent Contractors)

94.     To the extent any allegations and/or claims in the Complaint are based on the actions of independent contractors, Upper Deck Nevada alleges that it is not liable to UDI for injuries caused by independent contractors, or other authorizations or acts of third parties.

THIRTY-FIRST AFFIRMATIVE DEFENSE

(UDI's Breach of Contract)

95.     Upper Deck Nevada alleges that UDI's damages, if any, were caused by UDI's own breach of contract and/or breach of the covenant of good faith and fair dealing.

THIRTY-SECOND AFFIRMATIVE DEFENSE

(Additional Defenses/Complaints)

96.     Upper Deck Nevada reserves the right to assert all affirmative defenses that might pertain to the Complaint and each claim alleged in the Complaint that arise during further investigation and discovery of UDI's allegations. Upper Deck Nevada similarly reserves the right to add any Complaints against any parties to the extent such claims are revealed in discovery and/or an investigation.

**PRAYER FOR RELIEF**

WHEREFORE, Upper Deck Nevada prays for judgment in its favor as follows:

1.     That Plaintiff takes nothing by the Complaint;

2.     That judgment be entered in favor of Upper Deck Nevada and against UDI;

3.     For Upper Deck Nevada's attorney's fees and costs of suit pursuant to any and all agreements between the parties and/or any and all applicable laws;

4.     For any and all such further relief as the Court may deem proper.

1

## <u>DEMAND FOR JURY TRIAL</u>

2      Defendant hereby demands trial by jury in this action.

3

4                              **NICHOLAS & BUTLER, LLP**

5

6                                          /s/ Alex Tomasevic

Dated: September 29, 2011      By: _____

7                              Craig M. Nicholas
                               Alex M. Tomasevic

8

9                              Attorneys for Defendants

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28