# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UPPER DECK INTERNATIONAL B.V., a Netherlands corporation,<br><br>　　　　　　　Plaintiff,<br><br>　vs.<br><br>THE UPPER DECK COMPANY, a California corporation; THE UPPER DECK COMPANY, a Nevada Corporation; RICHARD McWILLIAM, an individual; and DOES 1-10,<br><br>　　　　　　　Defendants. | CASE NO. 11cv1741-LAB (CAB)<br><br>[Hon. Judge Larry Alan Burns]<br><br>**ORDER DENYING PLAINTIFF'S *EX PARTE* APPLICATION FOR STAY OF CASE**<br><br>Complaint Filed: August 4, 2011 |

　　　Upper Deck International initiated this action on August 4, 2011. Since then, UDI has entered into bankruptcy in the Netherlands, and the bankruptcy representative has determined it cannot continue to pay UDI's legal fees. On this basis, UDI recently filed an *ex parte* motion for a six-month stay. The motion is **DENIED**.

　　　There are four factors to consider in determining whether a stay is proper: (1) whether the applicant has made a strong showing that it is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of a stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). When the basis for a

stay is the pendency of another case, the Court must also consider how long that case is expected to last. *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 545 (5th Cir. 1983).

With respect to the first *Hilton* factor, UDI asserts that it will win on its claim for tortious interference because Upper Deck California has admitted to counterfeiting Yu-Gi-Oh! cards and jeopardizing UDI's own European distribution contract with Konami:

> Under these facts, at a minimum, UDI will establish at trial that defendants: (a) knew of UDI's contract with Konami for European Yu-Gi-Oh! distribution rights; (b) knew with substantial certainty that, if they engaged in unlawful conduct that gave cause for termination of the U.S. contract, Konami would invoke the domino clause and terminate UDI's European distribution rights; © nonetheless, defendants engaged in an unlawful counterfeiting scheme, thereby tortiously and unlawfully interfering with UDI's existing European contractual distribution rights; (d) causing millions of dollars of damage to UDI as a result. In other words, UDI will likely prevail on its claim for tortious interference.

(Dkt. No. 64 at 6:15-21).

First of all, UDI doesn't assert a claim for "tortious interference." It asserts claims for breach of contract, intentional interference with contractual relations, intentional interference with prospective economic advantage, negligent interference with prospective advantage, breach of fiduciary duty, and aiding and abetting breach of fiduciary duty. Moreover, UDI cites and relies on *Little v. Amber Hotel Co.*, 303 Cal.App.4th 280, 291-92 (2011) and the standard for intentionally interfering with the performance of a contract: "It requires that a plaintiff prove: (1) he had a valid and existing contract with a third party; (2) defendant had knowledge of the contract; (3) defendant committed intentional and unjustified acts designed to interfere with or disrupt the contract; (4) actual interference with or disruption of the relationship; and (5) resulting damages." In the end, though, the elements of a tortious interference claim are the same. *Hahn v. Diaz-Barba*, 194 Cal.App.4th 1177, 1196 (2011).

Whatever the claim is labeled, UDI hasn't shown that it is likely to prevail, and for a simple reason: UDI doesn't even allege that UDC's counterfeiting was designed to interfere

with or disrupt UDI's Konami contract.[1] In fact, that allegation would be nonsensical because UDC's counterfeiting was self-destructive. Konami sued UDC over it. Because of this pleading deficiency, UDI can't establish that its tortious interference claim is likely to succeed on the merits. And this means a stay is unwarranted.[2]

The Court should also address UDI's suggestion that *Badalament, Inc. v. Mel-O-Ripe Banana Brands, Ltd.*, 265 B.R. 732, 736-37 (E.D. Mich. 2001) supports a stay of district court proceedings pending foreign bankruptcies. The stay was issued in *Badalament* because the defendants were bankrupt and requested it. *Id.* at 736. UDI offers no authority for a stay on the request of a bankrupt *plaintiff*, particularly when the only basis offered is that the plaintiff cannot afford to proceed.

The Court now turns to UDC's argument that the rules of international comity require dismissal of this case. The cases UDC cites aren't on point. They support dismissal when foreign bankruptcy proceedings will resolve the plaintiff's claims, or when consideration of claims in multiple fora would be inefficient, and that's not the situation here. The resolution of UDI's bankruptcy proceedings in the Netherlands has little to do with UDI's tort claims against UDC. For example, in *Victrix S.S. Co. of Canada v. Century Int'l Arms,* Inc., 825 F.2d 709, 711 (2d Cir. 1987), the plaintiff was a creditor who filed a complaint in England, the United States, and bankruptcy court in Sweden, attempting to recover money from the bankrupt Swedish Defendant. The court held that comity required the foreign bankruptcy proceedings be given deference, as the Swedish court would be able to determine the plaintiff's appropriate recovery. *Id.* at 715. Similarly, in *Curran v. Hindu Credit Union Co-Op Society Ltd.*, 2011 WL 1131107 at *1 (S.D. Fla. Mar. 25, 2011), the plaintiff aimed to

---

[1] UDI correctly identified the elements of a claim for intentional interference with the performance of a contract when it cited *Little*. (Dkt. No. 64 at 6:15-21). When explaining why it was likely to prevail, however, UDI omitted the third element requiring *intentional* interference with the contract. (Dkt. No. 64 at 6:22-27).

[2] The Court doesn't need to consider UDC's argument that UDI's motion for a stay should be dismissed simply because: (1) it fails to meet *ex parte* specifications; (2) its motives are impure; or (3) there needs to be more substantial briefing of the issues.

recover money owed to it by a defendant who was currently involved in bankruptcy proceedings in Trinidad and Tobago. The court found that the foreign bankruptcy examinations could resolve the plaintiff's claims, as the plaintiff had already filed a claim with the bankruptcy court. *Id.* at 4.  These cases aren't any help to UDI, whose tort claims against UDC aren't implicated at all by its bankruptcy proceedings in the Netherlands.

The *ex parte* motion to stay this case is **DENIED**. Whether UDI chooses to proceed is, of course, up to UDI and its lawyers. But if it does, the parties must comply with the dates set in Magistrate Judge Crawford's May 23 order.

**IT IS SO ORDERED**.

DATED: June 18, 2012

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge

United States District Judge