NICHOLAS & BUTLER, LLP
   Craig M. Nicholas (SBN 178444)
   Alex Tomasevic (SBN 245598)
225 Broadway, 19th Floor
San Diego, California 92101
Telephone:  (619) 325-0492
Facsimile:   (619) 325-0496
Email: cnicholas@nblaw.org
       atomasevic@nblaw.org

Attorneys for Defendants/Counterclaimants
The Upper Deck Company (CA & NV)
and Richard McWilliam

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UPPER DECK INTERNATIONAL B.V., a Netherlands corporation,<br><br>                Plaintiff,<br>    v.<br><br>THE UPPER DECK COMPANY, a California corporation; THE UPPER DECK COMPANY, a Nevada Corporation; RICHARD McWILLIAM, an Individual; and Does 1-10,<br><br>                Defendants. | CASE NO.: 11CV1741 LAB (CAB)<br><br>**NOTICE OF MOTION AND MOTION FOR THE ISSUANCE OF A LETTER OF REQUEST FOR THE EXAMINATION OF PAUL SOLOMON AND THE INSPECTION OF DOCUMENTS PURSUANT TO THE HAGUE EVIDENCE CONVENTION**<br><br>Judge:   Hon. Larry Alan Burns<br><br>Complaint Filed: August 4, 2011 |

     Defendant The Upper Deck Company, by its attorneys, respectfully applies for the issuance by the Court of a Letter of Request in the form attached hereto as Exhibit 1, addressed to the Central Authority of Canada, for the inspection of documents and the examination of Paul Solomon of Bentleigh West, Victoria, Australia. This noticed motion is made pursuant to, and in conformity with, The Hague Convention on the Taking of Evidence Abroad in Civil or Commercial matters, T.I.A.S. 7444, 23 U.S.T. 2555, reprinted in 28 U.S.C. § 1781, ("Hague Evidence Convention"), which is in force between the United States and Canada.

/ / /

/ / /

/ / /

---

NOTICE & MOTION FOR ISSUANCE OF A LETTER OF REQUEST

Issuance of the Letter of Request under The Hague Evidence Convention is a proper method for the taking of testimony of persons residing abroad and inspecting documentary evidence. Fed. R. Civ. Pro. 28(b); *Pain v. United Technologies Corp.,* 637 F.2d 775, 788-90 (D.C. Cir. 1980), *cert. denied*, 454 U.S. 1128 (1981).

Plaintiff's First Amended Complaint alleges that due to Defendant's conduct there are certain suppliers that decided not to expand relationships with Plaintiff or prospective suppliers that decided not to do business with Plaintiff. (FAC, ¶ 41.) In response to Defendant's Interrogatory No. 4, Plaintiff identified one of those suppliers as Moose Toys. Plaintiff also identified Paul Solomon of Melbourne, Australia as Plaintiff's primary contact for Moose. To prepare its defenses for trial, Defendant seeks to depose Mr. Solomon.

To that end, Defendant requests that the Court approve and sign the attached Letter of Request. Plaintiff further requests that after the Court has signed the Letter of Request, the Clerk of this Court authenticate the Court's signature under the seal of this Court, and that the Letter of Request be thereafter returned by the Clerk to counsel for the Defendant captioned above. Counsel will promptly cause the Letter of Request to be transmitted to the Central Authority of the Australia for execution inconformity with Art. 2 of the Hague Evidence Convention.

Respectfully submitted,

**NICHOLAS & BUTLER, LLP**

Dated: October 9, 2012        By:    */s/ Alex Tomasevic*
                                      Craig M. Nicholas
                                      Alex Tomasevic

                                      Attorneys for Defendants Upper Deck Nevada, defendant Upper Deck California, and Richard McWilliam

# EXHIBIT 1

*Model for Letters of Request recommended for use in applying the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters*

**Request for International Judicial Assistance pursuant to the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters**

*N.B. Under the first paragraph of Article 4, the Letter of Request shall be in the language of the authority requested to execute it or be accompanied by a translation into that language. However, the provisions of the second and third paragraphs may permit use of English, French or another language.*

*In order to avoid confusion, please spell out the name of the month in each date.*

*Please fill out an original and one copy of this form (use additional space if required).*

1. Sender

   Craig M. Nicholas
   Nicholas & Butler, LLP
   225 Broadway, 19th Floor
   San Diego, California 92101
   United States of America

2. Central Authority of the Requested State

   The Secretary to the Attorney-General's Department of The Common Wealth of Australia
   Mr. Thomas John
   A/g Principal Legal Officer
   Robert Garran Offices
   BARTON, ACT 2600

3. Person to whom the executed request is to be returned

   Craig M. Nicholas
   Nicholas & Butler, LLP
   225 Broadway, 19th Floor
   San Diego, California 92101
   United States of America

4. Specification of the date by which the requesting authority requires receipt of the response to the Letter of Request

   Date

   October 15, 2012

   Reason for urgency*

   The United States District Court for the Southern District of California has provided a deadline of November 30, 2012 to complete all discovery. Furthermore, if the Parties' represenatives may personally take the oral deposition of the examinee, they must make travel arrangements as soon as possible.

_____

\* Omit if not applicable.

IN CONFORMITY WITH ARTICLE 3 OF THE CONVENTION, THE UNDERSIGNED APPLICANT HAS THE HONOUR TO SUBMIT THE FOLLOWING REQUEST:

| | | | |
|---|---|---|---|
| 5. | a | Requesting judicial authority (Article 3,*a*)) | Hon. Judge Larry Alan Burns<br>United States District Court<br>Southern District of California<br>940 Front Street<br>San Diego, California 92101-8900<br>United States of America<br><br>Source of Authority: Fed. R. Civ. Pro. 28(b) |
| | b | To the competent authority of (Article 3, *a*)) | The Secretary to the Attorney-General's Department of The Common Wealth of Australia<br>Mr. Thomas John<br>A/g Principal Legal Officer<br>Robert Garran Offices<br>BARTON, ACT 2600 |
| | c | Names of the case and any identifying number | Upper Deck International B.V. v. The Upper Deck Company, United States District Court, Southern District of California, Case No. 11cv1741-LAB(KSC) |
| 6. | | Names and addresses of the parties and their representatives (including representatives in the requested State*) (Article 3, *b*)) | |
| | a | Plaintiff | Upper Deck International B.V.<br>15 Flevolaan<br>1382 JX Weesp<br>The Netherlands |
| | | Representatives | Mintz Levin Cohn Ferris Glovsky and Popeo PC<br>3480 Carmel Mountain Road, Ste 300<br>San Diego, California 92130<br>United States of America |
| | b | Defendant | The Upper Deck Company<br>2251 Rutherford Road<br>Carlsbad, California 92008<br>United States of America |
| | | Representatives | Nicholas & Butler, LLP<br>225 Broadway, 19th Floor<br>San Diego, California 92101<br>United States of America |
| | c | Other parties | Richard McWilliam<br>2251 Rutherford Road<br>Carlsbad, California 92008<br>United States of America |
| | | Representatives | Nicholas & Butler, LLP<br>225 Broadway, 19th Floor<br>San Diego, California 92101<br>United States of America |

_____

* Omit if not applicable.

| | | | |
|---|---|---|---|
| 7. | a | Nature of the proceedings (divorce, paternity, breach of contract, product liability, etc.) (Article 3, *c*)) | Intentional Interference with Prospective Economic Advantage/Breach of Contract/Breach of Fiduciary Duty |
| | b | Summary of complaint | Plaintiff and Defendant are related entities who entered into separate contracts with the same third party to distribute trading cards in different regions of the world. Plaintiff alleges that Defendant interfered with its distribution contract when Defendant allegedly manufactured counterfeit trading cards. |
| | c | Summary of defence and counterclaim* | Defendant denies Plaintiff's allegations. Defendant did not make any misrepresentations to Plaintiff. Plaintiff's alleged losses were the result of Plaintiff's own mismanagement. |
| | d | Other necessary information or documents* | Plaintiff claims that Defendant interfered with Plaintiff's business relationships with third-parties like Moose Toys, a toy company, for which the deponent works. |
| 8. | a | Evidence to be obtained or other judicial act to be performed (Article 3, *d*)) | Oral Deposition Testimony<br>Documentary Evidence |
| | b | Purpose of the evidence or judicial act sought | To support the claims and defenses at trial. |
| 9. | | Identity and address of any person to be examined (Article 3, *e*))* | Paul Solomon<br>7/13 Ardena Court<br>Bentleigh East VIC 3165<br>Australia |
| 10. | | Questions to be put to the persons to be examined or statement of the subject-matter about which they are to be examined (Article 3, *f*))* | Attached as Exhibit "A" |

_____

* Omit if not applicable.

| | | |
|---|---|---|
| 11. | Documents or other property to be inspected (Article 3, *g)*)* | Attached as Exhibit "B" |
| 12. | Any requirement that the evidence be given on oath or affirmation and any special form to be used (Article 3, *h)*)* | It is requested that the following oath is affirmed prior to oral deposition testimony:<br><br>"Do you solemnly state that the testimony you will give in this deposition proceeding will be the truth, the whole truth, and nothing but the truth?" |
| 13. | Special methods or procedure to be followed (e.g. oral or in writing, verbatim, transcript or summary, cross-examination, etc.) (Articles 3, *i)* and 9)* | It is requested that the oral deposition of the person to be examined be transcribed verbatim by a certified court reporter.  It is also requested that the Parties representatives themselves be permitted to administer the interrogatories to the person being examined. |
| 14. | Request for notification of the time and place for the execution of the Request and identity and address of any person to be notified (Article 7)* | Time/Place:  November 9, 2012, 9:00 a.m., Hemisphere Hotel, 488 South Road, Moorabbin VIC 3189, Austrailia<br><br>Notify:<br><br>Mintz Levin Cohn Ferris Glovsky and Popeo, PC, 3480 Carmel Mountain Road, Ste 300, San Diego, California 92130, United States of America |
| 15. | Request for attendance or participation of judicial personnel of the requesting authority at the execution of the Letter of Request (Article 8)* | |

_____

\* Omit if not applicable.

| | |
|---|---|
| 16. Specification of privilege or duty to refuse to give evidence under the law of the State of origin (Article 11, *b*))* | Attached as Exhibit "C" |
| 17. The fees and costs incurred which are reimbursable under the second paragraph of Article 14 or under Article 26 of the Convention will be borne by* | The Upper Deck Company<br>2251 Rutherford Road<br>Carlsbad, California 92008<br>United States of America |
| DATE OF REQUEST | October 9, 2012 |
| SIGNATURE AND SEAL OF THE REQUESTING AUTHORITY | ---------------------------------------------------------------- |

_____

* Omit if not applicable.

# EXHIBIT A

**Exhibit "A"**
**Deposition Topics**
*See* Letter of Request, § 10

Pursuant to the Hague Convention, Article 3, Section (f), the statement of the subject-matters about which the person to be examined, identified in the Letter of Request to which this Exhibit is affixed at Section 9, is to be examined include, but are not limited to, the following:

1. YOUR business relationship or prospective business relationship with UDI between January 1, 2007 and present.

    (a)  As used herein, throughout, the words "YOU" or "YOUR refers to the MOOSE TOYS and its predecessors, successors, parents, subsidiaries, segments, divisions, departments, affiliates, franchisees, stores, local, regional, national, international and executive offices, and including, but not limited to, any past and/or current directors, officers, managers, agents, employees, representatives, attorneys and/or any other person or entity acting on behalf of MOOSE TOYS.

    (b)  As used herein, throughout, the word "UDI" refers to the Plaintiff in *Upper Deck International B.V. v. The Upper Deck Company*, United States District Court, Southern District of California, Case No. 11cv1741-LAB(KSC). The term UDI refers to Upper Deck International B.V. and its predecessors, successors, parents, subsidiaries, segments, divisions, departments, affiliates, franchisees, stores, local, regional, national, international and executive offices, and including, but not limited to, any past and/or current directors, officers, managers, agents, employees, representatives, attorneys and/or any other person or entity acting on behalf of Upper Deck International, B.V.

2. Contracts or agreements (including drafts of or changes thereto) relating to YOUR business relationship or prospective business relationship with UDI from January 1, 2007 to the present.

3. Communications (including, but not limited to, correspondence, e-mails, notes of conversations, etc.) between YOU and UDI, NICO BLAUW or ROS NOWICKI from January 1, 2007 to present regarding YOUR business relationship or prospective business relationship with UDI.

4. Billings, statements, payments, or invoices among YOU and UDI from January 1, 2007 to the present.

5. The termination of reduction in volume of YOUR business relationship with UDI from January 1, 2007 to the present.

6. Communications with UPPER DECK regarding YOUR business relationship with UDI from January 1, 2007 to the present.

(c) As used herein, throughout, the word "UPPER DECK" refers to Defendant in *Upper Deck International B.V. v. The Upper Deck Company*, United States District Court, Southern District of California, Case No. 11cv1741-LAB(KSC)  The term UPPER DECK refers to The Upper Deck Company and its predecessors, successors, parents, subsidiaries, segments, divisions, departments, affiliates, franchisees, stores, local, regional, national, international and executive offices, and including, but not limited to, any past and/or current directors, officers, managers, agents, employees, representatives, attorneys and/or any other person or entity acting on behalf of The Upper Deck Company.

7. UPPER DECK's influence or interference with YOUR business relationship with UDI from January 1, 2007 to the present.

# EXHIBIT B

**Exhibit "B"**
**Documents or Other Property to Be Inspected**
*See* Letter of Request, § 9

Pursuant to the Hague Convention, Article 3, Section (g), the documents or other property to be inspected/produced by the person to be examined, identified in the Letter of Request to which this Exhibit is affixed at Section 9, include, but are not limited to, the following:

1. All DOCUMENTS regarding YOUR business relationship or prospective business relationship with UDI between January 1, 2007 and present.

    (a) As used herein, throughout, the word "DOCUMENTS" is used in its broadest sense and means the original and any and all copies of any written, printed, typed, saved on a computer disc or otherwise recorded matter, however produced or reproduced, of every kind and description, in whatever form (e.g. final and draft versions) in your actual or constructive possession, custody, care or control, including but not limited to, all writings, contracts, policy statements, manuals, telephone messages, brochures, checks, correspondence, letters, telegrams, notes, mail-grams, minutes of any meetings, agendas, memoranda, interoffice communications, reports, studies, forecasts, projects analyses, stock certificates, working papers, charts, expense account reports, ledgers, journals, financial statements, statements of account, calendars, appointment books, diaries, drawings, graphs, photographs, sound recordings, computer documents or any tangible things which constitute or contain matters within the scope of FRCP Rule 26 and Rule 34.  The term "DOCUMENTS" also means originals and copies of all of the above upon which notations in writing, print or otherwise have been made which do not appear in the originals. The term "DOCUMENTS" specifically includes "ELECTRONICALLY STORED INFORMATION" or "ESI".

    (b) The term "ELECTRONICALLY STORED INFORMATION" or "ESI" includes, but is not limited to, database information and data. ESI specifically includes all information that is stored in an electronic medium. "Electronically Stored Information" is used in the broadest possible sense and refers to FRCP Rule 34, which defines the phrase, in part, as "electronic data compilations from which information can be obtained only with the use of detection devices."

    (c) As used herein, throughout, the words "YOU" or "YOUR refers to the MOOSE TOYS and its predecessors, successors, parents, subsidiaries, segments, divisions, departments, affiliates, franchisees, stores, local, regional, national, international and executive offices, and including, but not limited to, any past and/or current directors, officers, managers, agents, employees, representatives, attorneys and/or any other person or entity acting on behalf of MOOSE TOYS.

(d) As used herein, throughout, the word "UDI" refers to the Plaintiff in *Upper Deck International B.V. v. The Upper Deck Company*, United States District Court, Southern District of California, Case No. 11cv1741-LAB(KSC). The term UDI refers to Upper Deck International B.V. and its predecessors, successors, parents, subsidiaries, segments, divisions, departments, affiliates, franchisees, stores, local, regional, national, international and executive offices, and including, but not limited to, any past and/or current directors, officers, managers, agents, employees, representatives, attorneys and/or any other person or entity acting on behalf of Upper Deck International, B.V.

2. All DOCUMENTS constituting communications (including, but not limited to, correspondence, e-mails, notes of conversations, et.) between YOU and UDI from January 1, 2007 to present.

3. All DOCUMENTS constituting contracts or agreements (including drafts of or changes thereto) relating to YOUR business relationship with UDI from January 1, 2007 to the present.

4. All DOCUMENTS constituting communications (including, but not limited to, correspondence, e-mails, notes of conversations, etc.) between YOU and NICO BLAUW from January 1, 2007 to present.

5. All DOCUMENTS constituting billings, statements, payments, or invoices among YOU and UDI from January 1, 2007 to the present.

6. All DOCUMENTS constituting contracts or agreements (including drafts or changes thereto) relating to YOUR potential or prospective business opportunities with UDI from January 1, 2007 to the present.

7. All DOCUMENTS constituting communications (including, but not limited to correspondence, e-mails, notes of conversations, etc.) between YOU and UDI relating to the termination of any contracts or agreements from January 1, 2007 to the present.

8. All DOCUMENTS which describe or relate to YOUR economic and/or contractual relationship with UDI.

9. All DOCUMENTS constituting communications (including, but not limited to correspondence, e-mails, notes of conversations, etc.) between ROS NOWICKI and UDI from January 1, 2007 to the present.

# EXHIBIT C

**Exhibit "C"**
**Specification of Privilege or Duty to Refuse to Give Evidence**
**Under the Laws of the United States**
*See* Letter of Request, § 16

Pursuant to the Hague Convention, Article 11, Section (b), the following is a statement of the specifications of privilege or duty to refuse to give evidence under the Federal law of the United States of America.

The Hague Convention permits a person being questioned to claim privilege either under U.S. law or the law of the foreign country in which the deposition or discovery is sought. *In re Urethane Antitrust Litig.*, 267 F.R.D. 361, 364 (D. Kan. 2010). In the United States, common law, as interpreted by United States courts, governs a claim of privilege unless the United States Constitution, a federal statute, or rules prescribed by the Supreme Court. (Fed. R. Evid. 501.) However, in a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule or decision. (*Id.*)

There is a general duty to give what testimony one is capable of giving. *Jaffee v. Redmon*, 518 U.S. 1, 9 (1996). However, in United States Federal Court there are a few testimonial privileges that, where applicable, may preclude a deponent from having to disclose certain information or documents. Federal common law recognizes that conversations between attorney and client, husband and wife, psychotherapist and patient, and priest and penitent are privileged and may be kept private. *Upjohn v. United States*, 449 U.S. 383 (1981) (lawyer-client); *Trammel v. United States*, 445 U.S. 40 (1980) (marital); *Jaffee, supra,* 518 U.S. at 28 (psychotherapist-patient); *Mockaitis v. Harcleroad*, 104 F.3d 1522 (9th Cir. 1997) (called into doubt by *U.S. v. Antoine*, 318 F.3d 919, 923 (9th Cir. 2003)) (priest-penitent). Testimonial privileges are disfavored because they deprive litigants and the public of everyman's evidence. *See Jaffee, supra,* 518 U.S. at 9; *Herbert v. Lando*, 441 U.S. 153, 175 (1979).

I.  **Attorney-Client Privilege**

Under certain circumstances, attorney-client privilege will protect communications between clients and their attorneys from compelled disclosure. *See Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981); *In re Pacific Pictures Corp.*, 679 F.3d 1121, 1126 (9th Cir. 2012) The party asserting the privilege bears the burden of proof and must make a pima facie showing that the documents/testimony sought satisfy the following eight elements: "(1) where legal advice of any kind is sought, (2) from a professional legal advisor in his capacity as such, (3) the communications relating to that purpose, (4) made in confident, (5) by the client, (6) are at his instance permanently protected, (7) from disclosure by himself or by the legal advisor, (8) unless the protection is waived." *In re Fischel*, 557 F.2d 209, 211 (9th Cir. 1977); *In re Grand Jury Investigation (United States v. The Corporation)*, 974 F.2d 1068, 1070 (9th Cir. 1992). Voluntarily disclosing attorney-client privileged documents or information to third-parties destroys or waives the privilege regarding the information/documents. *Hernandez v. Tanninen*, 604 F.3d 1095, 1100 (9th Cir. 2010).

## II.     Marital Privilege and Marital Communication Privilege

The marital privilege bars testimony for one spouse against the other at the option of either spouse. *Trammel v. U.S.*, 445 U.S. 40 (1980). There is also an independent marital communication privilege which protects information privately disclosed between husband and wife in the confidence of the marital relationship. *Blau v. United States*, 340 U.S. 332 (1951).

## III.    Psychotherapist-Patient Privilege

"Confidential communications between a licensed psychotherapist and her patients in the course of diagnosis or treatment are protected from compelled disclosure." *Jaffee, supra,* 518 U.S. at 15. The privilege extends to confidential communications made to licensed psychiatrists, psychologists, and social workers. *Id.*

## IV.     Priest-Penitent Privilege

The clergy-communicant or priest-penitent privilege protects communications to a member of the clergy, in his or her spiritual or professional capacity, by persons who seek spiritual counseling and who reasonably expect that their words will be kept in confidence. *In re Grand Jury Investigation*, 918 F.2d 374, 377 (3d Cir. 1990). The presence of third parties, if essential to and in furtherance of the communication, does not vitiate the clergy-communicant privilege. *Id.*