FILED
2013 JUL 12 PM 4:03
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY_____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UPPER DECK INTERNATIONAL B.V., a Netherlands corporation,<br><br>Plaintiff,<br><br>vs.<br><br>THE UPPER DECK COMPANY, a California Corporation; THE UPPER DECK COMPANY, a Nevada corporation; RICHARD McWILLIAM, et al.,<br><br>Defendants. | CASE NO. 11cv1741-LAB(KSC)<br><br>ORDER GRANTING DEFENDANTS' APPLICATIONS FOR LETTERS OF REQUEST TO EXAMINE WITNESSES INTERNATIONALLY PURSUANT TO THE HAGUE EVIDENCE CONVENTION<br><br>[Doc. Nos. 70, 71] |

Before the Court are a Motion and an Application by defendants seeking approval of requests to examine witnesses internationally pursuant to the Hague Convention [Doc. Nos. 70, 71]; plaintiff's Opposition to the Motion and Application [Doc. No. 82]; and defendants' Reply [Doc. No. 84].[1] For the reasons outlined below, the Court finds that defendants' Motion and Application must be GRANTED. However, the parties must meet and confer and complete the examinations at a mutually convenient date, time, and location.

/ / /

---

[1]  These matters were previously on the District Court's calendar but have been referred to the undersigned Magistrate Judge for resolution.

## Background

Plaintiff Upper Deck International B.V. and defendants, The Upper Deck Company, a California corporation, and The Upper Deck Company, a Nevada Corporation, are all related entities that have been involved in distributing Yu-Gi-Oh! game trading cards under contract with a separate entity known as Konami Digital Entertainment ("Konami"). Defendant Richard McWilliam, now deceased, served as a director on plaintiff's board of directors and was also an officer and director of the two corporate entities who have been named as defendants.

Plaintiff's Complaint raises two main grievances against defendants. First, plaintiff alleges that defendants detrimentally interfered with its business relationship with Konami. Second, plaintiff claims that defendants were involved in a scheme to produce and distribute counterfeit Yu-Gi-Oh! cards, and this resulted in damage to plaintiff's reputation and business prospects. [Doc. No. 36, 1st Am. Compl, at pp. 3-16; Doc. No. 67, Order on Pl.'s Mot. to Dismiss and Mot. to Strike, at pp. 2-4.] The operative First Amended Complaint includes causes of action against defendants for breach of contract, intentional interference with contractual relations, intentional and negligent interference with prospective economic advantage, breach of fiduciary duty, and aiding and abetting a breach of fiduciary duty. [Doc. No. 36, at pp. 9-14.]

Although defendants filed counterclaims against plaintiff and others, the District Court dismissed them without prejudice. In an Order filed May 15, 2012, the District Court reasoned that defendants' first through fourth counterclaims must be dismissed because they did not arise out of the same transaction or occurrence as the allegations in plaintiff's operative Complaint. As a result, these counterclaims were permissive rather than compulsory. As permissive counterclaims, there was no independent basis for jurisdiction. As to the fifth counterclaim, the District Court concluded it failed to state a claim and dismissed it without leave to amend. [Doc. No. 67, Order on Pl.'s Mot. to Dismiss and Mot. to Strike, at pp. 6-25.]

///

- 2 -

11cv1741-LAB(KSC)

## *Discussion*

A number of nations, including the United States, have entered into the Hague Convention. The Hague Convention "prescribes certain procedures by which a judicial authority in one contracting state may request evidence located in another contracting state." *Societe Nationale Industrielle Aerospatiale v. U.S. District Court for the S. Dist. of Iowa*, 482 U.S. 522, 524 (1987). It provides for a mechanism to gather evidence abroad through the issuance of a letter of request. "Resort to using the procedures of the Hague Convention is particularly appropriate when, as here, a litigant seeks to depose a foreign non-party who is not subject to the court's jurisdiction." *In re Urethane Antitrust Litigation*, 267 F.R.D. 361, 364 (D.Kan. 2010).

In addition, Federal Rule of Civil Procedure 28(b)(2) states that: "A deposition may be taken in a foreign country: (A) under an applicable treaty or convention; (B) under a letter of request . . . ; (C) on notice, before a person authorized to administer oaths either by federal law or by the law in the place of examination; or (D) before a person commissioned by the court to administer any necessary oath and take testimony." Fed.R.Civ.P. 28(b). Title 28, United States Code, Section 1781(b)(2), allows a Federal Court to transmit letters of request to a foreign or international tribunal, officer, or agency. 28 U.S.C. § 1781(b)(2).

A letter of request may be issued for a party to pursue discovery internationally pursuant to "any method prescribed under the Federal Rules." *In re Urethane Antitrust Litigation*, 267 F.R.D. at 365-366. The scope of discovery under Rule 26(b) is broad: "[p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the claim or defense of any party involved in the pending action. Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b). Under Federal Rule of Civil Procedure 45, any party may subpoena relevant documents or information from a non-party. Fed.R.Civ.P. 45. Federal Rules of Civil Procedure 30 and 31 allow non-parties to be deposed upon oral examination or upon written

1    questions. Fed.R.Civ.P. 30 and 31. However, a court may limit discovery of relevant
2    material if it determines that the discovery sought is unreasonably cumulative or
3    duplicative, or obtainable from some other source that is more convenient, less
4    burdensome, or less expensive, or the burden or expense of the proposed discovery
5    outweighs the likely benefit. Fed.R.Civ.P. 26(c); 45(c).

6        The party resisting discovery generally bears the burden to show that the
7    discovery requested is irrelevant to the issues in the case or is overly broad, unduly
8    burdensome, unreasonable, or oppressive. If the resisting party meets its burden, the
9    burden shifts to the moving party to show the information is relevant and necessary.
10   *Henderson v. Holiday CVS, L.L.C.*, 269 F.R.D. 682, 686 (2010).

11       **A.**    **<u>Paul Solomon</u>.**
12       In the first Application [Doc. No. 70], defendants seek to depose and request
13   documents from third party witness Paul Solomon. Plaintiff does not oppose this
14   Application, but requests that the parties meet and confer to schedule the deposition at
15   a mutually convenient time, date, and location, because it involves travel to Australia.
16   Defendants have agreed to work with plaintiff to schedule the deposition.

17       Plaintiff identified Mr. Solomon in response to a discovery request and indicated
18   he is the main contact for Moose Toys. Moose Toys is one of plaintiff's suppliers who
19   purportedly decided not to continue or expand its business relationship with plaintiff
20   because of defendants' alleged misconduct. As a result, evidence that could be offered
21   by Mr. Solomon meets the relevance standard of Rule 26(b) and is important to a
22   resolution of the issues raised in the operative Complaint.

23       The Court therefore finds that defendants' Application for the Issuance of a
24   Letter of Request Pursuant to the Hague Convention must be GRANTED as to third
25   party witness Paul Solomon. However, the parties must meet and confer and reach an
26   agreement on the time, date, and location for the examination before it is scheduled.
27   Defendants shall submit directly to Judge Crawford's chambers an updated Letter of
28   Request for the Court's approval and authentication.

### B. *Gary Pyper and Mike Moody*.

Plaintiff opposes defendants' Application for a Letter of Request to Depose Gary Pyper and Mike Moody, because they contend that these non-party witnesses do not have information or documents that are relevant to any existing claim or defense at issue in this case. According to plaintiff, defendants are simply on a "fishing expedition" and are seeking access to discovery that only pertains to the counterclaims that were previously dismissed by the District Court. In their Reply, defendants argue that the discovery they seek should be permitted, because it is relevant to the issues of causation and damages. This Court agrees with defendants.

In its Order dismissing defendants' counterclaims, the District Court acknowledged that defendants' purpose in raising these allegations against plaintiff and others was to attempt to show "that there's a bigger picture to this case that [plaintiff's] claims obscure and that [defendants'] counterclaims bring to light." [Doc. No. 67, Order on Pl.'s Mot. to Dismiss and Mot. to Strike, at p. 11.] As the District Court stated, "[t]hat may be true, but there's nothing to prevent [defendants] from painting that bigger picture in defending this case. It doesn't need to file a counterclaim to do that." *Id.*

Along with their Reply, defendants submitted the supporting Declaration of defendants' counsel, who has represented that Gary Pyper and Mike Moody are affiliated with Seven Towns Ltd., which is located in London, England. According to defense counsel, plaintiff had a "supplier relationship" with Seven Towns Ltd. during the relevant time period.[2] As a result, defendants believe that Gary Pyper and Mike Moody can provide evidence relevant to plaintiff's allegation that its suppliers decided

---

[2] Based on its response to defendants' Interrogatory No. 4, plaintiff does not specifically claim that its relationship with Seven Towns Ltd. was damaged in any way by defendants' conduct. [Doc. No. 84, at p. 2.] However, defendants have obviously obtained information about plaintiff's supplier relationship with Seven Towns Ltd. through other means. [Doc. No. 84-1, Nicholas Decl., at p. 2.] Defendants apparently believe plaintiff's failure to identify Seven Towns Ltd. in response to Interrogatory No. 4 is suspicious. Defendants essentially contend that Seven Towns Ltd. was not identified because of the potential that Gary Pyper and Mike Moody would reveal information that is damaging to plaintiff's case.

not to continue or expand their relationships with plaintiff because of conduct attributed to defendants. According to defendants, Gary Pyper and Mike Moody can reveal facts indicating that any reduction in plaintiff's business relationships was the result of mismanagement and not because of any conduct attributed to defendants. [Doc. No. 84-1, Nicholas Decl., at p. 2.] Thus, defendants expect that testimony by these witnesses will rebut causation and defeat or reduce liability. Defendants are entitled to pursue their theory of the case. In other words, the evidence defendants are seeking from these non-party witnesses meets the relevance standard of Rule 26(b) and could be important to a resolution of the issues raised in the operative Complaint.

The Court therefore finds that defendants' Application for the Issuance of a Letter of Request Pursuant to the Hague Convention must be GRANTED as to third party witnesses Gary Pyper and Mike Moody. However, the parties must meet and confer and reach an agreement on the time, date, and location for the examination before it is scheduled. Defendants shall submit directly to Judge Crawford's chambers an updated Letter of Request for the Court's approval and authentication.

### Conclusion

Based on the foregoing, IT IS HEREBY ORDERED THAT defendants' Motion for the Issuance of a Letter of Request for the Examination of Paul Solomon [Doc. No. 71] and Application for the Issuance of a Letter of Request for the Examination of Gary Pyper and Mike Moody [Doc. No. 70] are GRANTED. The parties shall meet and confer and reach an agreement as to the time, date, and location for these examinations before they are scheduled. Defendants shall submit updated Letters of Request directly to Judge Crawford's chambers for the Court's approval and authentication.

Date: July 12, 2013

KAREN S. CRAWFORD
United States Magistrate Judge